# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MONICA HERRICK,**
**Respondent Below, Petitioner**

**vs.) No. 23-ICA-48**          (Fam. Ct. Marion Cnty. No. FC-24-2021-D-166)

**MARK HERRICK,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Monica Herrick appeals the Family Court of Marion County's January 10, 2023, order which failed to hold Respondent Mark Herrick in contempt for various issues raised in her petition for contempt. Mr. Herrick filed a timely response in support of the family court's decision.[1] Ms. Herrick filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. and Ms. Herrick were divorced by an order entered on November 17, 2021. The divorce order adopted and incorporated the parties' property settlement agreement which required Mr. Herrick, among other things, to do the following: (1) buy Ms. Herrick's share of the Campground Drive home for $81,500 and pay her in full within 120 days after the entry of the final order; (2) pay to have Ms. Herrick's personal belongings shipped to California within ten months of the entry of the final order; (3) repair the roof of the Peacock Lane home, list it for sale upon completion of his work assignment at West Virginia University, and pay Ms. Herrick $17,500 upon sale of the home; (4) provide his credit card statements to Ms. Herrick to confirm the debt attributed to her in equitable distribution; and (5) pay Ms. Herrick $3,650 in exchange for her portion of Mr. Herrick's whole life insurance policy.

---

[1] Ms. Herrick is represented by David B. DeMoss, Esq. Mr. Herrick is represented by Peter D. Dinardi, Esq.

1

On September 7, 2022, Ms. Herrick filed a petition for contempt against Mr. Herrick wherein she alleged, among other things not relevant to this appeal, that Mr. Herrick failed to: (1) pay the full $81,500 for the Campground Drive home by March 8, 2022; (2) ship the remainder of her personal belongings to California; (3) list the Peacock Lane home for sale; (4) provide copies of his credit card statements; and (5) pay $3,650 as Ms. Herrick's portion of Mr. Herrick's life insurance policy.

The hearing on Ms. Herrick's petition for contempt was held on December 8, 2022.[2] The family court heard extensive testimony from both parties and requested that both parties file final written calculations of money owed after the hearing. The parties filed their respective calculations as directed by the family court. The family court entered its final order on January 10, 2023, wherein Mr. Herrick was not held in contempt for any of the above grounds raised by Ms. Herrick. The court's order did not address the issue of credit card statements. It is from the January 10, 2023, order that Ms. Herrick now appeals.

For these matters, we use the following standard of review:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Ms. Herrick raises five assignments of error, which we will address in turn.

As her first assignment of error, Ms. Herrick contends that the family court erred when it failed to hold Mr. Herrick in contempt for failure to pay her the sum of $81,500 within 120 days of the entry of the final order. We disagree. In *Deitz v. Deitz*, 222 W. Va. 46, 54, 659 S.E.2d 331, 339 (2008), the Supreme Court of Appeals of West Virginia acknowledged that "[a]n integral part of the family court's authority to enter final orders of divorce is its corresponding power to enforce those orders through contempt proceedings." However, the family court's enforcement of such orders is within the discretion of the family court. *See Mark V.H. v. Dolores J.M.*, 232 W. Va. 378, 387, 752 S.E.2d 409, 418 (2013). In the case at bar, the family court held, "while [Mr. Herrick] did not make the payments within 120 days following the entry of the [o]rder, he was diligent

---

[2] Ms. Herrick was self-represented at the December 8, 2022, hearing.

in making the payments." The family court found that Mr. Herrick had paid $54,811.89 toward the $62,577.69 balance owed to Ms. Herrick. We do not find that the family court's consideration of Mr. Herrick's diligent efforts constitutes an abuse of discretion.

Second, Ms. Herrick contends that the family court erred when it failed to hold Mr. Herrick in contempt for failing to deliver Ms. Herrick's personal property to California. On this issue, the family court held that it was "unable to determine, from the evidence submitted, if the personal property was shipped and received or not. One party testified it was shipped; the other party testified that it was not." Upon our review of the family court hearing transcript, neither party offered proof of shipment or receipt of the property. Under these circumstances, the family court did not abuse its discretion by failing to find Mr. Herrick in contempt on this issue.

Third, Ms. Herrick contends that the family court erred by not holding Mr. Herrick in contempt based on his failure to list the Peacock Lane home for sale in a timely manner. Regarding this issue, the family court made findings based upon Mr. Herrick's testimony that the Peacock Lane home needed extensive repairs, that the first contractor who Mr. Herrick hired did not complete the work, and that Mr. Herrick was required to hire another contractor to complete the job. Accordingly, the family court held that Mr. Herrick "could have been more diligent in listing the home for sale; however, the [c]ourt does not find his failure to do so to be willful and contumacious." Again, the decision not to hold Mr. Herrick in contempt was properly within the family court's discretion. *See Mark V.H.*, 232 W. Va. at 387, 752 S.E.2d at 418.

Fourth, Ms. Herrick contends that the family court failed to hold Mr. Herrick in contempt after he failed to provide copies of his credit card statements. However, the January 10, 2023, order fails to address this issue and our Court does not have jurisdiction to address a matter not contained in the final order. When a final family court order fails to address an issue, the proper remedy is to file a motion for reconsideration under West Virginia Code § 51-2A-10(a) (2001), which states, "Any party may file a motion for reconsideration of a . . . final order of the family court for the following reasons: (1) [m]istake . . . (4) clerical or other technical deficiencies contained in the order." Because this matter was not addressed in the final order, we decline to rule on it.

Lastly, Ms. Herrick contends that the family court failed to hold Mr. Herrick in contempt for his failure to pay $3,600 for the whole life insurance policy. However, upon review of the final order, we find that the family court included the whole life insurance

3

policy amount in its calculation of the remaining balance that is owed Ms. Herrick Therefore, we find no error in the family court's calculation.[3]

Accordingly, we affirm the family court's January 10, 2023, order.

Affirmed.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[3] Although we affirm the order below, we encourage family courts to include meaningful deadlines and/or sanctions when identifying conduct or actions to be completed by the parties in its orders. This will help prevent unnecessary confusion.